Nov. Term, 1844.

FERGUSON
v.
RHOADES.

---

## FERGUSON *v.* RHOADES.

Assumpsit. The first count was as follows: That on the 28th of *December*, 1840, the defendant sold to the plaintiff a lot of ground numbered 12 in the town of *Richmond*, and, on the sale thereof, executed to the plaintiff a penal bond in the sum of 1,000 dollars, with a condition, which, after reciting the said sale for the sum of 500 dollars payable as follows, 100 dollars in hand, a note for 100 dollars payable on the first of *October*, 1841, and a note for 300 dollars payable on the first of *October*, 1842,—was for the executing, by the defendant to the plaintiff, of a good and sufficient warranty deed for the said lot on the payment of said notes; that, on the execution of said bond, the plaintiff paid the defendant the 100 dollars in cash, and executed the notes in the condition of the bond mentioned, and entered into possession of the lot; that, at the time of said sale, there was an unpaid mortgage on the lot previously executed by one *A.*, the former owner of said lot, before the defendant had any title to it, to one *B.*, for the sum of 300 dollars, of which mortgage the plaintiff was ignorant until long after

his purchase; that, afterwards, in 1842, the lot was sold under a decree on the mortgage, and the purchaser under the decree turned the plaintiff out of possession; that the defendant, therefore, was unable to make the plaintiff a title to the lot; and that the plaintiff, before notice of the mortgage, had made valuable improvements, &c.; yet the defendant, though often requested, had refused to pay the 100 dollars paid on the lot, or to pay for the improvements. *Held*, that this count was bad; it containing no promise on which the action could be supported.

The second count was for money had and received, &c. One ground relied on to support this count was, that the defendant had no title to the lot sold to the plaintiff as stated in the first count; and to show such want of title, the mortgage, decree, and sale under the decree, mentioned in the first count, were proved. *Held*, that, the mortgagor's title not being proved, the evidence was insufficient.

In this case, there were pleas to the first count, and general demurrers to the pleas. *Held*, that the first count being bad, the defendant was entitled to judgment on the demurrers.

ERROR to the *Wayne* Circuit Court.

BLACKFORD, J.—*Rhoades* brought an action of assumpsit against *Ferguson*. The declaration contains two counts. The first count is substantially as follows: That, on the 28th of *December*, 1840, the defendant sold to the plaintiff a lot of ground numbered twelve in the town of *Richmond*, and, on the sale thereof, executed to the plaintiff a penal bond in the sum of 1,000 dollars, with a condition, which, after reciting the said sale for the sum of 500 dollars payable as follows, 100 dollars in hand, a note for 100 dollars payable on the first of *October*, 1841, and a note for 300 dollars payable on the first of *October*, 1842,—was for the executing, by the defendant to the plaintiff, of a good and sufficient warranty deed for the said lot on the payment of said notes; that, on the execution of said bond, the plaintiff paid the defendant the 100 dollars in cash, and executed the notes in the condition of the bond mentioned, and entered into possession of the lot; that, at the time of said sale, there was an unpaid mortgage on the lot previously executed by one *Miller*, the former owner of said lot, before the defendant had any title to it, to one *Derickson*, for the sum of 300 dollars, of which mortgage the plaintiff was ignorant until long after his purchase; that, afterwards, in 1842, the lot was sold under a decree on the mortgage, and the purchaser under the decree turned the plaintiff out of possession; that the defendant, therefore, is unable to make the plaintiff a title to the lot;

and that the plaintiff, whilst in possession of the lot, and before notice of the mortgage, made valuable improvements, &c.; yet the defendant, though often requested, has refused to pay the 100 dollars paid on the lot, or to pay for the improvements.

The second count is a general one for money paid, money had and received, work and labour, and goods sold and delivered.

There are five pleas. The first is non assumpsit to both counts. The second, third, and fourth, are only to the first count. The fifth, which is to the second count, is a plea of payment. There were general demurrers to the second, third, and fourth pleas; the demurrer to the third plea was overruled; and the demurrers to the others were sustained. It is unnecessary to examine the pleas demurred to, as they are only pleaded to the first count, and that count cannot be sustained. It is bad in substance, on the ground that it contains no promise on which the action of assumpsit can be supported. The Court in deciding on the demurrers to the pleas, said nothing as to the first count to which they were pleaded, and thus permitted that count to stand as valid. This is an error of which the defendant may complain, whether the pleas demurred to were good or bad.

There were issues in fact on the first and fifth pleas. There was also an issue on the third plea, but that plea being only to the first count was immaterial. The cause was submitted to the Court, and judgment rendered for the plaintiff.

The following is the evidence: 1. A title-bond executed by the defendant to the plaintiff as described in the first count. 2. The mortgage described in that count. 3. A decree for the complainant in a suit by the mortgagee against the mortgagors, *Miller* and wife, on the mortgage; and a sale under the decree to one *Joseph Derickson* of the lot mortgaged. 4. Parol evidence of the sale of said lot as shown by the title-bond.

This evidence does not authorize a judgment for the plaintiff. One ground relied on to support the action is, that the defendant had no title to the lot sold; and to show his want of title, the mortgage, decree, and sale under the decree, were proved. An obvious defect in the evidence appears

from its not showing that *Miller* and wife, the mortgagors, ever had any interest in the lot. If the mortgagors had no title to the lot, the mortgage, or proceedings in the suit on it, are no evidence in the case of the defendant's want of title; and if the mortgagors had an interest in the lot, the plaintiff should have proved it.

Nov. Term, 1844.

*Per Curiam.*——The judgment is reversed with costs. Cause remanded, &c.

*J. S. Newman*, for the plaintiff.

*W. A. Bickle*, for the defendant.